## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Subashini Chandrasekera, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Whole Foods Market Group, Inc.,<br><br>Defendant. | Civil Action No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Subashini Chandrasekera ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Defendant Whole Foods Market Group, Inc. ("Defendant"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on her personal knowledge.

## NATURE OF THE ACTION

1. Defendant formulates, manufactures, advertises, and/or sells its "Whole Foods Market Brioche Whole Grain Hamburger Buns" (the "Product") throughout New York and the United States. Defendant markets its Product in a systematically misleading manner by misrepresenting that the Product is made with "Whole Grain."

2. Because Defendant's sales are driven by health-conscious consumers seeking wholesome flour bread, Defendant prominently displays on the front label of the Product that it consists of "WHOLE GRAIN HAMBURGER BUNS." Unbeknownst to consumers, however, Defendant's Product is not exclusively, or at least predominately, made with "whole grain" flour. Instead, the Product's back panel lists "enriched wheat flour" as the Product's primary

ingredient—a well-known substitute to "whole grain" wheat. Defendant's Product is depicted below (red boxes added for emphasis):





3. As a result of its deceptive conduct, Defendant is, and continues to be, unjustly enriched at the expense of their consumers.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(a) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00 exclusive of interest and costs, there are over 100 members of the putative class, and at least one class member is a citizen of a state different than Defendant.

5. This Court has personal jurisdiction over Defendant because it conducts substantial business within New York, including the sale, marketing, and advertising of the Product. Furthermore, a substantial portion of the events giving rise to Plaintiff's claims occurred in this State, including Plaintiff's purchases.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant conducts substantial business in this District, and a substantial part of the events giving rise to Plaintiff's claims took place within this District.

## PARTIES

7. Plaintiff Subashini Chandrasekera is a citizen of New York, who resides in Queens, New York. Plaintiff purchased Defendant's Product for her personal use within the applicable statute of limitations, with her most recent purchase taking place on or about May of 2022. Plaintiff Chandrasekera made these purchases from a Whole Foods supermarket located in Brooklyn, New York. Prior to making her purchases, Plaintiff Chandrasekera saw that the Product was labeled and marketed as "Whole Grain Hamburger Buns." Plaintiff Chandrasekera relied on Defendant's representation when she decided to purchase the Product over comparable

hamburger buns that did not claim to be made from whole grains. Plaintiff Chandrasekera saw Defendant's representation prior to and at the time of her purchases and understood it as a representation and warranty that the Product was exclusively, or at least predominantly, made with "whole grain" flour. Plaintiff Chandrasekera relied on this representation and warranty in deciding to purchase the Product. Accordingly, that representation and warranty were part of the basis of her bargains, in that she would not have purchased the Product on the same terms had she known that the representation was not true. In making her purchases, Plaintiff Chandrasekera also paid a substantial price premium due to the false and misleading "whole grain" representation. Plaintiff Chandrasekera, however, did not receive the benefit of her bargains because the Product was not, in fact, exclusively, or at least predominantly, made with "whole grain."

8.      Defendant Whole Foods Market Group, Inc. is a Delaware corporation with its principal place of business located in Austin, Texas. At all relevant times, Defendant manufactured, packaged, labeled, advertised, marketed, distributed and/or sold the Product in New York and throughout the United States.

## GENERAL ALLEGATIONS

9.      "Whole grains" are grains that include the entire grain seed—its endosperm, bran, and germ in the same proportions as when the grain was growing in the fields.[1] Whole grains, including whole grain flour, are healthier than refined grains because they contain key nutrients and vitamins. "Non-whole grains" or "refined grains," on the other hand, have been processed to remove their bran and germ, thereby removing the dietary fiber and most other nutrients.[2] Most

---

[1] https://wholegrainscouncil.org/whole-grains-101/whats-whole-grain-refined-grain (last accessed May 19, 2023).
[2] *Id.*

refined grains are enriched, a process that adds back some of the previously removed nutrients.[3] Despite this "enrichment" process, however, "enriched flour" still fails to add most of the nutrients found in whole wheat—including its fiber content.[4]

10. In recent years, consumer demand for whole grain food items has skyrocketed as people have become increasingly health conscious. Recent surveys indicate that consumers readily identify, and seek to purchase, whole grain foods as the second "healthiest" food;[5] and whole grain is ranked among the top food choices for consumers seeking to improve their health and energy levels.[6] In fact, fiber—a key component of whole grain foods—is the most sought-out nutrient that consumers look for in food.[7]

11. Defendant seeks to capitalize on these recent trends by conspicuously stating on the Product's front label that it consists of "WHOLE GRAIN HAMBURGERS BUNS." Despite this, however, the Product is primarily made with "enriched wheat flour;" while "whole wheat flour" is used as a secondary ingredient in a *de minimis* amount—as corroborated by the fact that the Product' Nutrition Facts label indicates that it contains only four grams of fiber.

12. In fact, Defendant's Product is misbranded under the Food and Drug Administration ("FDA") because it does not conform with the prescribed standard of identity requirements for bread products, which mandates that buns made with "enriched flour" be labeled as "enriched buns." 21 C.F.R. § 136.115 (a)(7)(b)("[e]ach of the foods enriched bread, enriched rolls, **and enriched buns** conforms to the definition and standard of identity…[t]he

---

[3] *Id.*
[4] *Id.*
[5] International Food Information Council, *2020 Food & Health Survey* (May 19, 2023) at 46-47, https://foodinsight.org/2020-food-and-health-survey
[6] International Food Information Council, *2022 Food & Health Survey* (May 19, 2023) at 41-49, https://foodinsight.org/2022-food-health-survey
[7] International Food Information Council, *2021 Food & Health Survey* (May 19, 2023) at 50, https://foodinsight.org/2021-food-health-survey

name of the food is…'**enriched buns'**) (emphasis added). Furthermore, Defendant's use of the term "whole grain" on the Product's front label violates the FDA's prohibition of promoting one ingredient—whole wheat—without disclosing the other more prominent ingredient in the Product: "enriched flour." 21 C.F.R. § 101.18(b). Although Plaintiff does not seek to enforce the FDA, Defendant's non-compliance illustrates its misconduct.

13. Aside from violating FDA regulations, Defendant's use of the term "whole grain" on the Product's front label also conflicts with the industry advice from the Whole Grains Council, a nonprofit consumer advocacy group that promotes whole grain consumption and education. According to the Whole Grains Council's website: "manufacturers should use the words "whole grain" in the name of a product only if the product contains more whole grain than refined grain (*i.e.*, 51% or more of the grain is whole grain)."[8] Defendant's Product does not meet this criterion, as it contains more enriched flour than whole wheat flour.

14. The FDA's regulations and Whole Grains Council's advice not only align with common sense; they are also corroborated by empirical evidence. For example, a recent peer-reviewed study involving a representative sample of over 1,000 US adults found that approximately 47% of them incorrectly concluded that mock-up breads with less whole wheat—but labeled with the Whole Grains Council stamp or similar statements—were equal or superior to an unlabeled mock-up bread which listed whole wheat as its first ingredient.[9]

---

[8] https://wholegrainscouncil.org/resources/government-guidance (last accessed May 19, 2023).
[9] Wilde, P., Pomeranz, J., Lizewski, L., & Zhang, F. (2020). *Consumer confusion about wholegrain content and healthfulness in product labels: A discrete choice experiment and comprehension assessment*. Public Health Nutrition, 23(18), 3324-3331. doi:10.1017/S1368980020001688, https://www.cambridge.org/core/journals/public-health-nutrition/article/consumer-confusion-about-wholegrain-content-and-healthfulness-in-product-labels-a-discrete-choice-experiment-and-comprehension-assessment/09632F10BA8F314FBCAFA49276315A60

15. Defendant's misleading and deceptive practices proximately caused harm to Plaintiff and the proposed class members who suffered an injury in fact and lost money or property as a result of Defendant's deceptive conduct.

## CLASS ACTION ALLEGATIONS

16. Plaintiff brings this action on behalf of herself and all other similarly situated persons pursuant to Federal Rules of Civil Procedure 23(a), (b)(1), and (b)(3). Specifically, the Classes are defined as:

> **Nationwide Class:** All persons in the United States who, during the maximum period of time permitted by law, purchased Defendant's Product primarily for personal, family or household purposes, and not for resale.
>
> **New York Subclass:** All persons residing in New York who, during the maximum period of time permitted by the law, purchased Defendant's Product primarily for personal, family or household purposes, and not for resale.

17. The Classes do not include (1) Defendant, its officers, and/or its directors; or (2) the Judge to whom this case is assigned and the Judge's staff.

18. Plaintiff reserves the right to amend the above class definitions and add additional classes and subclasses as appropriate based on investigation, discovery, and the specific theories of liability.

19. *Community of Interest*: There is a well-defined community of interest among members of the Classes, and the disposition of the claims of these members of the Classes in a single action will provide substantial benefits to all parties and to the Court.

20. *Numerosity*: While the exact number of members of the Classes is unknown to Plaintiff at this time and can only be determined by appropriate discovery, upon information and

belief, members of the Classes number in the millions. The precise number of the members of the Classes and their identities are unknown to Plaintiff at this time but may be determined through discovery. Members of the Classes may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

21. ***Existence and predominance of common questions of law and fact***: Common questions of law and fact exist as to all members of the Classes and predominate over any questions affecting only individuals of the Classes. These common legal and factual questions include, but are not limited to:

(a) Whether the marketing, advertising, packaging, labeling, and other promotional materials of the Product are deceptive;

(b) Whether Defendant fraudulently induced Plaintiff and the members of the Classes into purchasing the Product;

(c) Whether Plaintiff and the members of the Classes have suffered damages as a result of Defendant's actions and the amount thereof;

(d) Whether Plaintiff and the members of the Classes are entitled to statutory damages;

(e) Whether Plaintiff and the members of the Classes are entitled to attorney's fees and costs.

22. ***Typicality:*** The claims of the named Plaintiff are typical of the claims of other members of the Classes in that the named Plaintiff was exposed to Defendant's false and misleading marketing, purchased Defendant's Product, and suffered a loss as a result of those purchases.

23. ***Adequacy***: Plaintiff will fairly and adequately represent and protect the interests

of the Classes as required by Federal Rule of Civil Procedure Rule 23(a)(4). Plaintiff is an adequate representative of the Classes because she has no interests which are adverse to the interests of the members of the Classes. Plaintiff is committed to the vigorous prosecution of this action and, to that end, Plaintiff has retained skilled and experienced counsel.

24. Moreover, the proposed Classes can be maintained because they satisfy both Rule 23(a) and 23(b)(3) because questions of law or fact common to the Classes predominate over any questions affecting only individual members and that a Class Action is superior to all other available methods of the fair and efficient adjudication of the claims asserted in this action under Federal Rule of Civil Procedure 23(b)(3) because:

(a) The expense and burden of individual litigation makes it economically unfeasible for members of the Classes to seek to redress their claims other than through the procedure of a class action;

(b) If separate actions were brought by individual members of the Classes, the resulting duplicity of lawsuits would cause members of the Classes to seek to redress their claims other than through the procedure of a class action; and

(c) Absent a class action, Defendant likely will retain the benefits of its wrongdoing, and there would be a failure of justice.

## CAUSES OF ACTION

### COUNT I
### Violation of State Consumer Protection Statues[10]
### (On Behalf of Plaintiff and the Nationwide Class)

25.     Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

26.     The Consumer Protection Statutes of the Nationwide Class members prohibit the use of deceptive, unfair, and misleading business practices in the conduct of trade or commerce.

27.     By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the packaging of the Product that it is made with "Whole Grain." Despite that representation, however, the Product is primarily made with "enriched wheat flour," while "whole wheat flour" is used as a secondary ingredient in a *de minimis* amount.

---

[10] While discovery may alter the following, Plaintiff asserts that the states with similar consumer fraud laws under the facts of this case include but are not limited to: Alaska Stat. § 45.50.471, et seq.; Ariz. Rev. Stat. §§ 44-1521, et seq.; Ark. Code § 4-88-101, et seq.; Cal. Bus. & Prof. Code § 17200, et seq.; Cal. Civ. Code §1750, et seq.; Colo. Rev. Stat. Ann. § 6-1-101, et seq.; Colo. Rev. Stat. Ann. § 6-1-101, et seq.; Conn. Gen Stat. Ann. § 42- 110, et seq.; 6 Del. Code § 2513, et seq.; D.C. Code § 28-3901, et seq.; Fla. Stat. Ann.§ 501.201, et seq.; Ga. Code Ann. § 10-1-390, et seq.; Haw. Rev. Stat. § 480-2, et seq.; Idaho Code. Ann. § 48-601, et seq.; 815 ILCS 501/1, et seq.; Ind. Code § 24-5-0.5-2, et seq.; Kan. Stat. Ann. § 50-623, et seq.; Ky. Rev. Stat. Ann. § 367.110, et seq.; LSA-R.S. 51:1401, et seq.; Me. Rev. Stat. Ann. Tit. 5, § 207, et seq.; Md. Code Ann. Com. Law, § 13-301, et seq.; Mass. Gen Laws Ann. Ch. 93A, et seq.; Mich. Comp. Laws Ann. § 445.901, et seq.; Minn. Stat. § 325F, et seq.; Mo. Rev. Stat. § 407, et seq.; Neb. Rev. St. §§ 59-1601, et seq.; Nev. Rev. Stat. § 41.600, et seq.; N.H. Rev. Stat. § 358-A:1, et seq.; N.J. Stat. Ann. § 56:8, et seq.; N.M. Stat. Ann. § 57-12-1, et seq.; N.Y. Gen. Bus. Law § 349, et seq.; N.C. Gen Stat. § 75-1.1, et seq.; N.D. Cent. Code § 51-15, et seq.; Ohio Rev. Code Ann. § 1345.01, et seq.; Okla. Stat. tit. 15 § 751, et seq.; Or. Rev. Stat. § 646.605, et seq.; 73 P.S. § 201-1, et seq.; R.I. Gen. Laws § 6-13.1- 5.2(B), et seq.; S.C. Code Ann. §§ 39-5- 10, et seq.; S.D. Codified Laws § 37-24-1, et seq.; Tenn. Code Ann. § 47-18-101, et seq.; Tex. Code Ann., Bus. & Con. § 17.41, et seq.; Utah Code. Ann. § 13-11-175, et seq.; 9 V.S.A. § 2451, et seq.; Va. Code Ann. § 59.1-199, et seq.; Wash. Rev. Code § 19.86.010, et seq.; W. Va. Code § 46A, et seq.; Wis. Stat. § 100.18, et seq.; and Wyo. Stat. Ann. § 40-12-101, et seq.

28. The foregoing deceptive acts and practices were directed at consumers.

29. The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the nature and value of the Product.

30. As a result of Defendant's deceptive practices, Plaintiff and the Nationwide Class members suffered an economic injury because they would not have purchased (or paid a premium for) the Product had they known the veracity of Defendant's misrepresentations.

31. On behalf of herself and the Nationwide Class members, Plaintiff seeks to recover their actual damages, statutory damages, punitive damages, and reasonable attorneys' fees and costs.

## COUNT II
### Violation of New York G.B.L. § 349
### (On Behalf of Plaintiff and the New York Subclass)

32. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

33. New York's General Business Law § 349 prohibits deceptive acts or practices in the conduct of any business, trade, or commerce.

34. In its sale of Product throughout the state of New York, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of New York's General Business Law § 349.

35. Plaintiff and the New York Subclass members are consumers who purchased the Product from Defendant for their personal use.

36. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the packaging of the Product that it is made with "Whole Grain." Despite that representation, however, the Product is

primarily made with "enriched wheat flour," while "whole wheat flour" is used as a secondary ingredient in a *de minimis* amount.

37. The foregoing deceptive acts and practices were directed at consumers.

38. The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the nature and value of the Product.

39. As a result of Defendant's deceptive practices, Plaintiff and the New York Subclass members suffered an economic injury because they would not have purchased (or paid a premium for) the Product had they known the veracity of Defendant's misrepresentations.

40. On behalf of herself and the New York Subclass members, Plaintiff seeks to recover their actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees and costs.

## COUNT III
### Violation of New York G.B.L. §350
### (On Behalf of Plaintiff and the New York Subclass)

41. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

42. New York's General Business Law § 350 prohibits false advertising in the conduct of any business, trade, or commerce.

43. Defendant violated New York General Business Law § 350 by conspicuously representing on the packaging of the Product that it is made with "Whole Grain." Despite that representation, however, the Product is primarily made with "enriched wheat flour," while "whole wheat flour" is used as a secondary ingredient in a *de minimis* amount. The foregoing advertising was directed at consumers and was likely to mislead a reasonable consumer acting reasonably under the circumstances.

44. Defendant's misrepresentations have resulted in consumer injury or harm to the

public interest.

45. As a result of Defendant's false advertising, Plaintiff and the New York Subclass members suffered an economic injury because they would not have purchased (or paid a premium for) the Product had they known the veracity of Defendant's misrepresentations.

46. On behalf of herself and the New York Subclass members, Plaintiff seeks to recover their actual damages or five hundred dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

(a) For an order certifying the Classes under Rule 23 of the Federal Rules of Civil Procedure; naming Plaintiff as representative of the Classes; and naming Plaintiff's attorneys as Class Counsel to represent the Classes;

(b) For an order finding in favor of Plaintiff and the Classes on all counts asserted herein;

(c) For compensatory, statutory and punitive damages in amounts to be determined by the Court and/or jury;

(d) For prejudgment interest on all amounts awarded;

(e) For an order of restitution and all other forms of equitable monetary relief; and

(f) For an order awarding Plaintiff and the Classes their reasonable attorneys' fees and expenses and costs of suit.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable as of right.

Dated May 19, 2023

Respectfully submitted,

**GUCOVSCHI ROZENSHTEYN, PLLC**

By: /s/ Adrian Gucovschi
     Adrian Gucovschi, Esq.

Adrian Gucovschi
630 Fifth Avenue, Suite 2000
New York, NY 10111
Tel: (212) 884-4230
adrian@gr-firm.com

*Counsel for Plaintiff and the Classes*